O
JS-6

previously

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRICELDA GAMBOA and OSCAR GAMBOA,<br><br>          Plaintiffs,<br><br>     v.<br><br>USA CYCLING, INC.; USA CYCLING DEVELOPMENT FOUNDATION; MICHAEL OLSON; MLO ENTERPRISES, LLC; UNITED STATES OF AMERICA; and DOES 1–10,<br><br>          Defendants. | Case 2:12-cv-10051-ODW(MRWx)<br><br>**AMENDED ORDER TRANSFERRING VENUE [12]** |

## I.   INTRODUCTION

This case involves a bicycle accident that occurred in Lake Mead Recreation Center in Nevada. Plaintiffs Gricelda and Oscar Gamboa, both California citizens, sued nonresident Defendants USA Cycling; USA Foundation; MLO Enterprises, LLC; and Michael L. Olsen for damages resulting from injuries suffered as a result of the accident. Defendants move to dismiss the Gamboas' Complaint for lack of personal jurisdiction and improper venue. In the alternative Defendants seek to transfer this case to the District of Nevada under 28 U.S.C. § 1404(a) for forum non

///
///

conveniens. The Court **GRANTS** Defendants Motion insofar as it contends venue is improper and therefore **TRANSFERS** this case to the District of Nevada.[1]

## II.  FACTUAL BACKGROUND

On February 26, 2011, Gricelda Gamboa was permanently injured while participating in the Callville Bay Classic bicycle race at Lake Mead Recreation Center in Nevada. (Compl. ¶¶ 15–16.) Gricelda was allegedly struck by a truck that had illegally crossed a double-yellow line into oncoming traffic in an attempt to pass the cyclists participating in the event. (Compl. 1.) Gricelda suffered a concussion; skull fractures; a fracture of the sacrum and L5 vertebrae; a torn left medial-collateral ligament in her knee; C1-C2 neck sprain; loss of smell, taste and hearing; vertigo; headaches; and a loss of mobility, which resulted in a loss of wages. She has since undergone multiple surgeries to implant and remove surgical screws to stabilize the injured areas of her body. (Compl. 2.) She has continued to treat her injuries here in Los Angeles for over two years since the accident. (Opp'n 12.)

Gricelda brought suit for gross negligence on the part of defendants U.S.A. Cycling, Inc., USA Cycling Development Foundation (USA Foundation), and race-event organizer Michael L. Olsen and MLO Enterprises, LLC (MLO). Gricelda alleges that Defendants failed to provide course marshals, safety instructions, escort vehicles, and clear indications of where turns should be made by racers, as well as signage or other warnings for motorists. (Opp'n 2.) Gricelda's husband, Oscar makes a claim for loss of affection, care, and consortium.

Defendants are responsible for creating, coordinating, and authorizing the race. (Compl. 6.) USA Cycling is the official governing body for competitive cycling in the United States. (Opp'n 4.) USA Cycling was incorporated in Colorado in 1994, and has maintained a principal place of business and headquarters in Colorado since that time. (Opp'n 4.) Each year, USA Cycling sanctions over 3,000 cycling events

---

[1] After carefully considering the papers with respect to the Motion to Dismiss, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L. R. 7-15.

across the United States. (Opp'n 5.) USA Cycling endorsed the race in which Gricelda was injured. (Compl. ¶ 15.)

Defendant USA Foundation is the non-profit fundraising arm of USA cycling. USA Foundation raises money for year-round support of athletic training and development, as well as competition and travel needs for young athletes in competitive cycling. (Opp'n 6.) USA Foundation does not manage, organize, design, sponsor, sanction, advertise, promote or market any cycling races. (*Id.*) USA Foundation was incorporated in Colorado in 2000 and has maintained its principal place of business and headquarters in Colorado since that time. (Opp'n 5.)

Defendant Michael L. Olsen, a Nevada citizen, was the promoter of the race in which Gricelda was injured. (Opp'n 6.) Olsen promoted races through his company, MLO Enterprises, LLC. (Compl. ¶ 10.) MLO Enterprises was a Nevada limited-liability company, but its entity status was revoked by the Nevada Department of Corporations. (*Id.*)

### III. LEGAL STANDARD

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(3) for improper venue. Venue is governed by 28 U.S.C. § 1391(b), which provides that venue is proper in any judicial district where any defendant resides if all defendants reside in the same state, or in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(1), (2). If there is no district in which the action may otherwise be brought, venue is proper in any judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced. *Id.* § 1391(a)(3).

For venue purposes, a corporation resides in any judicial district where it would be subject to personal jurisdiction. *Id.* § 1391(c). In states such as California, which has more than one judicial district, a corporation is deemed to reside in any district within the state with which its contacts would be sufficient to subject it to personal jurisdiction if the district were a separate state. *Id.* Once a defendant has raised a

timely objection to venue, the plaintiff has the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

A court can look beyond the pleadings of the claim and does not have to take a plaintiff's factual allegations as true when determining proper venue. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2003). But when the facts are disputed, the trial court must draw all reasonable inferences and resolve all factual conflicts in favor of the nonmoving party. *Id.* at 1138.

Where a district court determines an action has been brought in the wrong district, it has significant discretion to either dismiss the case, or "if it be in the interest of justice," transfer the case. *Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 588 (9th Cir.1991) (per curiam); 28 U.S.C. § 1406(a). In considering a motion to transfer under 28 U.S.C. § 1404(a) for forum non conveniens, courts have broad discretion to adjudicate "according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

> Specifically, a court can consider the following factors:
> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, . . . (8) the ease of access to sources of proof, . . . [(9)] the presence of a forum selection clause[,] . . . [and (10)] the relevant public policy of the forum state.
> *Id*. at 498–99.

## IV. DISCUSSION

Defendants move to dismiss this action for improper venue because none of Defendants reside within the Central District of California and the events or omissions giving rise to the negligence claim occurred exclusively in Nevada. (Mot. 8–9.)

/ / /

1  It is undisputed that none of Defendants reside within the Central District of California. Both USA Cycling and USA Foundation are Colorado corporations with their principal places of business in Colorado. (Opp'n 4–5.) Defendant Olsen is a Nevada citizen, and his company, MLO Enterprises, is a Nevada limited-liability company. (Opp'n 6.)

But the Gamboas contend that, although the bicycle accident that injured Gricelda occurred in Nevada, a substantial part of the events giving rise to the claim occurred in this district. They argue that because Gricelda continues to treat her injuries in Los Angeles over two years after the accident, a substantial part of the events occurred within the Central District of California. (Opp'n 12.)

But the Gamboas cite no legal authority to support their argument that where an injured plaintiff convalesces constitutes a district where "a substantial part of the events or omissions" giving rise to the claim occurred. The alleged negligence that led to the bicycle accident occurred exclusively in Nevada. The location of the accident is central to the determination of venue: this lawsuit would never have been filed had the accident in Nevada not occurred. While subsequent surgeries and medical care occurred in California, they were merely a result of the alleged negligence rather than a substantial part of the events that giving rise to the claim.

The Court is not unsympathetic to the fact that Gricelda continues to treat her substantial injuries in the Central District over two years after the accident occurred. But the "events or omissions" inquiry focuses on the defendant's relevant activities— not the plaintiff's. *LeRoy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979) ("The purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial.").

Endorsement of the Gamboas' theory would allow plaintiffs to circumvent the limitations of 28 U.S.C. § 1391(b) and undermine the statute's purpose. The Court therefore rejects the Gamboas' argument that the district in which a plaintiff chooses

/ / /

to recuperate constitutes a district where "a substantial part of the events or omissions" giving rise to the claim occurred.

Finally, the Gamboas' assertion that venue is proper because the defendants are subject to personal jurisdiction in the Central District is incorrect. Venue under 28 U.S.C. § 1391(a)(3) is available only "if there is no district in which the action may otherwise be brought." The Gamboas can turn to subsection (3) only if there is no district that will satisfy as proper venue under subsection (1) or subsection (2). 28 U.S.C. § 1391(a)(3). But venue is proper in the District of Nevada where a substantial part of the alleged events and omissions giving rise to the claim for negligence occurred.

In a final attempt to keep their case in this Court, Plaintiffs argue that venue is proper in the Central District of California under the theory of "pendent-party venue." Plaintiffs contend that because venue is proper as to Defendant United States under the Federal Torts Claims Act[2] venue is likewise proper as to all other Defendants in this case. (Opp'n 12.) This Court does not agree and declines to be the first Court to recognize the theory of pendent-party venue.

The theory of pendent-party venue provides that if all claims arise out of the same transaction or occurrence and venue is proper as to at least one defendant, a court should be able to retain the entire action under a pendent-party venue theory. *See* William W Schwarzer et al., *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions* § 4:535 (2013). But federal courts have generally held that venue requirements must be satisfied for each separate cause of action and as to each defendant. Fed. R. Civ. P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein."); *Beattie v. United States*, 756 F.2d 91, 100 (D.C. Cir.1984), *abrogated on other grounds, Smith v. United States*, 507 U.S. 197 (1993); *Hoover*

---

[2] Venue under the Federal Torts Claims Act is proper only in the judicial district where the plaintiff resides or where the alleged act or omission occurred. 28 U.S.C. 1402.

1 *Grp., Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir. 1996). Otherwise, a defendant may move to dismiss or transfer for improper venue. *Beattie*, 756 F.2d at 100.

The only exception to this is the pendent-venue doctrine (not to be confused with pendent-*party* venue). The pendent-venue doctrine gives a court discretion to find venue proper where a pendent claim arises from the same nucleus of operative facts as a claim with proper federal venue. *Travis v. Anthes Imperial Ltd.*, 473 F.2d 515, 529 (8th Cir. 1973) (finding pendent venue where there was pendent subject-matter jurisdiction of common-law claims derived from same nucleus of operative fact as claims resting upon Securities Exchange Act.); *Sierra Club v. Johnson*, 623 F. Supp. 2d 31 (D.D.C. 2009); *Cold Spring Harbor Lab. v. Ropes & Gray LLP*, 762 F. Supp. 2d 543 (E.D.N.Y. 2011). The pendent-venue doctrine has received limited acceptance but is at least a recognized doctrine.

In contrast, pendent-*party* venue has received no acceptance whatsoever. No court has ever recognized "pendent party" venue. This Court declines to be the first to do so. Notably, validation of such a theory would undermine the limitations of 28 U.S.C. § 1391 that exist to protect defendants from litigating in an inconvenient forum. Venue is proper as to *all* defendants in the District of Nevada and that is the district to which this Court transfers this case.

In sum, it is undisputed that the purpose of this suit is to determine the responsibilities or obligations of all parties involved in the accident. (Opp'n 1–2; Mot. 2–3.) This accident occurred in Nevada, and under 28 U.S.C. § 1391(b)(2), venue is proper in the District of Nevada. In the interest of justice, the Court therefore **TRANSFERS** this case to the District of Nevada.

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss. This case is hereby **TRANSFERRED** to the United States District Court for the District of Nevada. The parties must file a notice of related case with the Nevada court within 21days of the Court's original April 4, 2013 Order (ECF No. 23).

**IT IS SO ORDERED.**

April 18, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**